Cortez v. Electronic Arts, Inc.                                                                                                    Doc. 1

1  Eric H. Gibbs (State Bar No. 178658)
   ehg@girardgibbs.com
2  Dylan Hughes (State Bar No. 209113)
   dsh@girardgibbs.com
3  Geoffrey A. Munroe (State Bar No. 228590)
4  gam@girardgibbs.com
   **GIRARD GIBBS LLP**
5  601 California Street, 14th Floor
6  San Francisco, California 94108
   Telephone: (415) 981-4800
7  Facsimile: (415) 981-4846

8  *Attorneys for Plaintiff and Class*
9  *Representative Dianna Cortez*

ORIGINAL FILED
OCT 27 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

SC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DIANNA CORTEZ, on behalf of herself and all others similarly situated,

Plaintiff,

v.

ELECTRONIC ARTS, INC.,

Defendant.

Case No. CV 08 4917

**CLASS ACTION COMPLAINT FOR RELIEF BASED ON:**

1. VIOLATION OF CAL. CIV. CODE §§ 1750, ET SEQ.;

2. VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET. SEQ.; AND

3. TRESPASS TO CHATTELS

**DEMAND FOR JURY TRIAL**

**CLASS ACTION**

CLASS ACTION COMPLAINT

Dockets.Justia.com

Plaintiff Dianna Cortez ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Electronic Arts ("EA"), and alleges as follows.

## NATURE OF THE CASE

1. Electronic Arts, Inc. develops, markets, publishes, and distributes video game software for use on video game systems, personal computers, cellular handsets and the Internet. EA's video games range in content from sports and action-adventure to family and fantasy and include such long-running game franchises as Road Rash, Need for Speed, Medal of Honor, The Sims, Battlefield Burnout and Command & Conquer. EA's games are vastly popular among a loyal customer base; in the 2008 fiscal year alone EA had over 27 game titles that sold more than one million copies each.

2. EA's personal computer games are typically distributed via compact discs or downloads from the Internet and require the consumer to install software to use the game. When consumers of certain EA video games install the game software on their computers, a copyright protection program called SecuROM is also covertly installed without the consumers' knowledge or consent. SecuROM is an aggressive and invasive program that can prevent the proper launching of games, disable CD/DVD/Blu-Ray disc burners, disrupt antivirus programs and firewalls, and lead to computer slowdowns, software conflicts, registry corruption, and complete operating system failure. SecuROM cannot be readily uninstalled from consumers' computers and is constantly running, using computing resources and interfering with the computer's operation.

3. Plaintiff Dianna Cortez is one of the many consumers who purchased an EA game bundled with SecuROM. After suffering months of computer problems and ultimately having to reformat her hard drive to rid her computer of SecuROM and its accompanying problems, Plaintiff brings this action against EA for violation of the Consumers Legal Remedies Act, California Unfair Competition Law, and the common law against trespass to personal property / chattels. Among other things, Plaintiff seeks to enjoin EA from continuing to sell games bundled with SecuROM, unless accompanied by an adequate disclosure and a reasonable way to uninstall SecuROM.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum value of

$5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant EA, on the other, are citizens of different states.

5. This Court has jurisdiction over EA because it maintains its principal headquarters in California, is registered to conduct business in California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through manufacturing, production, promotion, sale, marketing and distribution of its products in California, to render the exercise of jurisdiction by this Court proper and necessary. Moreover, EA's wrongful conduct (as described below) emanates from California and the End User License Agreement (EULA) that accompanies EA's games contains a choice of law provision by which EA consented to the jurisdiction of this Court:

> Governing Law. This License shall be governed by and construed (without regard to conflicts or choice of law principles) under the laws of the State of California as applied to agreements entered into and to be performed entirely in California between California residents. Unless expressly waived by EA in writing for the particular instance or contrary to local law, the sole and exclusive jurisdiction and venue for actions related to the subject matter hereof shall be the California state and federal courts having within their jurisdiction the location of EA's principal corporate place of business. Both parties consent to the jurisdiction of such courts and agree that process may be served in the manner provided herein for giving of notices or otherwise as allowed by California or federal law. The parties agree that the UN Convention on Contracts for the International Sale of Goods (Vienna, 1980) shall not apply to this License or to any dispute or transaction arising out of this License.

6. Venue is proper in this District under 28 U.S.C. § 1391 because EA resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**INTRADISTRICT ASSIGNMENT**

7. Assignment is proper to the San Francisco division of this District under Local Rule 3-2(c)-(d), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in San Mateo County.

## PARTIES

8. Plaintiff Dianna Cortez is, and at all relevant times was, a citizen of Missouri. She paid approximately $30 for EA's Sims 2: Bon Voyage expansion pack in September 2007.

9. Defendant EA is headquartered in Redwood City, California and is the world's leading interactive entertainment software company. EA markets its products under four brand names: EA SPORTS™, EA™, EA SPORTS Freestyle™ and POGO™.

## FACTUAL ALLEGATIONS

10. EA was founded in 1982 and develops, publishes, advertises and distributes interactive software worldwide for video game systems, personal computers, cellular handsets and the Internet. In fiscal year 2008, EA posted net revenue of $3.67 billion and had 27 titles that sold more than one million copies.

11. Beginning in 2007, EA bundled its computer games with a copyright protection program called SecuROM, which was developed and licensed by Sony DADC. EA distributes and sells its games via Compact Discs, downloads online, and through game demos. Games bundled with SecuROM include Spore, Mass Effect, and The Sims 2 expansion packs (Bon Voyage, and Apartment Life). These games typically retail between $30-$60. EA has sold in excess of 1 million video games with SecuROM.

12. EA does not disclose, at the point of sale or otherwise, that to use its games SecuROM must and will be installed. SecuROM is not mentioned in the CD packaging (including the CD, CD case, user's guide or warranty), in EA advertisements or promotional materials, when a game or demo is downloaded from the Internet, or at any point during the software installation process.

13. SecuROM, as implemented by EA, installs on the user's computer system without the user's consent. When the user first attempts to install a SecuROM protected file onto a computer, an End User License Agreement (EULA) appears and requires the user to accept its terms to use the game. EA's EULA does not disclose that SecuROM is automatically installed. At no point during the software installation process is the user given the option of installing (or not installing) SecuROM.

14. EA does not disclose, at the point of sale or otherwise, that SecuROM damages the computer on which it is installed because it uses computer resources and otherwise interferes with

consumers' use of their computers and cannot be readily uninstalled. SecuROM is not listed in the commonly accessed "Add/Remove Programs" utility in the Microsoft Windows operating system, which is the most common mechanism by which users uninstall software programs from their computers. EA's games also lack an uninstall utility for SecuROM, a function that is common in the software industry particularly when a given software program cannot be uninstalled by Microsoft's "Add/Remove Programs" utility. EA's games come with a program that uninstalls the game; however the uninstall program but does not uninstall SecuROM even when the game is uninstalled.

15. EA does not disclose, at the point of sale or otherwise, that SecuROM may cause a host of problems when installed on a user's computer. These problems include: prevention of proper launching of games, disabling of CD/DVD/Blu-ray disc burners, disruption of antivirus programs and firewalls, computer slowdowns, software conflicts, registry corruption, and complete operating system failure. The problems often become so prevalent that consumers are forced to format their hard drive and reinstall the operating systems. Because SecuROM is not adequately disclosed and is not uninstalled when the game is uninstalled, users are often not in the position to know that the problems they are suffering from are caused by SecuROM.

16. EA's installation of SecuROM on its consumers' computers without their consent violates key consumer principles set forth by the Federal Trade Commission. Namely, that 1) a consumer's computer belongs to him or her, not to the software distributor, and it must be the consumer's choice whether or not to install software; 2) software distributors must adequately disclose if their software is bundled with another program or programs, which cannot be accomplished by burying material information in a EULA; and 3) if a distributor puts a program on a computer, a consumer should be able to uninstall or disable it.

**PLAINTIFF'S EXPERIENCE**

17. Plaintiff Dianna Cortez owns a Dell computer that she purchased in 2007. She is an avid Sims player and had previously installed EA's Sims 2 on her computer, which did not include the SecuROM program.

18. In September 2007, Ms. Cortez purchased EA's Sims 2: Bon Voyage expansion pack ("Bon Voyage") for approximately $40. She was not aware and EA did not disclose to her, either on the

4
CLASS ACTION COMPLAINT

game's packaging, in the instruction manual, or at any point during the installation process, that SecuROM would be installed on her computer when she installed Bon Voyage.

19. After installing Bon Voyage, Ms. Cortez began having problems with her computer. She had previously made backup Sims 2 game content on CDs, but her computer's disc drive would no longer recognize that content, reporting the CDs as empty. She could not access files that were saved on her USB flash drive or iPod, either. Her computer reported that the USB drive and iPod were empty.

20. Ms. Cortez contacted SanDisk, the maker of her USB Drive, and Microsoft, the maker of her Windows Vista operating system; neither of which was able to solve her computer problems.

21. On a Sims 2 internet forum maintained by EA, Ms. Cortez discovered numerous postings that reported computer problems similar to hers and identified SecuROM as the problem. The forum also provided a SecuROM uninstall tool, created by Sony DADC. Ms. Cortez ran the uninstall tool but it did not remove SecuROM from her computer and her computer continued to suffer from problems.

22. Ms. Cortez then contacted Nero, the maker of her CD burning software, and Dell technical support, both of whom instructed her to contact EA because of potential conflicts with the SecuROM software.

23. EA technical support directed Ms. Cortez to Sony DADC technical support. Over the next three months Sony DADC attempted to solve her problems. Ultimately, frustrated with the problems SecuROM was causing to her computer, Ms. Cortez decided to restore her computer to the factory setting by reformatting her computer hard drive and reinstalling the operating system and other programs—with the exception of Bon Voyage. The process took her four days to complete, but with SecuROM completely removed from her system, Ms. Cortez's CD drive, iPod, and USB drive began functioning properly again and she no longer experienced the computer problems described above.

24. EA caused damage to Ms. Cortez by installing the SecuROM program on her computer without her consent, which used her computing resources and otherwise interfered with her use of her computer and could not be readily uninstalled. Moreover, had EA disclosed to her that by installing Bon Voyage she would also install SecuROM on her computer, that SecuROM constantly runs in the background, using computing resources and otherwise interfering with the use of the computer, and/or that SecuROM cannot be readily uninstalled, Ms. Cortez would not have purchased Bon Voyage.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and others similarly situated, as members of a Class that Plaintiff proposes be defined as follows:

> All persons in the United States who purchased one or more Electronic Arts video games bundled with SecuROM.

Excluded from the proposed Class are EA, any entity in which EA has or had a controlling interest, any officers or directors of EA, the legal representatives, heirs, successors, and assigns of EA, any Judge assigned to this action and his or her immediate family, and anyone who timely requests exclusion from the class.

28. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

29. **Numerosity.** Members of the Class are so numerous that their individual joinder herein is impracticable. It is estimated that the Class consists of millions of members. Although the exact number of Class members and their addresses are unknown to Plaintiff, they are ascertainable from EA's records, records of third parties, and by class members themselves. Class members may be notified of the pendency of this action by electronic means and by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

30. **Existence and predominance of common questions.** Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. These common questions include:

   a. Whether EA failed to disclose, inadequately disclosed, and/or concealed at the point of sale and through the software installation process that its games automatically install SecuROM;

   b. Whether EA failed to disclose, inadequately disclosed, and/or concealed at the point of sale and through the software installation process that SecuROM constantly runs in the background, using computing resources and otherwise interfering with the use of the computer, and cannot be readily uninstalled;

   c. Whether any or all of the facts stated in (a) and (b) would be considered material

|   |   |   |
|---|---|---|
| 1 |   | by a reasonable consumer; |
| 2 | d. | Whether EA owed its consumers a duty to disclose any or all of the fact stated in |
| 3 |   | (a) and (b); |
| 4 | e. | Whether EA's conduct constitutes a violation of California' Consumers Legal |
| 5 |   | Remedies Act, California's Unfair Competition Law, and/or the common law |
| 6 |   | prohibiting trespass to personal property / chattels. |
| 7 | f. | Whether EA should be enjoined from continuing to bundle its games with |
| 8 |   | SecuROM without disclosing the facts set forth in (a) and (b) and providing |
| 9 |   | consumers with an ready method to completely uninstall SecuROM. |

31. **Typicality.** Plaintiff is a member of the Class and her claims are typical of the claims of the other members of the Class. Plaintiff and all Class members purchased an EA game bundled with SecuROM and were injured by the same wrongful acts and practices alleged herein.

32. **Adequacy.** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

33. **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

34. In the alternative, the Class may be certified because:
   a. the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for EA;
   b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be

|   | dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and |
|---|---|
| c. | EA has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole. |

### FIRST CAUSE OF ACTION

### (Violation of the Consumers Legal Remedies Act,
### Cal. Civ. Code §§ 1750, *et. seq.*)

35. Plaintiff, on behalf of herself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

36. EA is a "person" within the meaning of Civil Code sections 1761(c) and 1770, and provided "goods" within the meaning of California Civil Code sections 1761(b) and 1770.

37. Plaintiff and members of the class are "consumers" within the meaning of Civil Code sections 1761(d) and 1770, and have engaged in a "transaction" within the meaning of Civil Code sections 1761(e) and 1770.

38. As set forth herein, EA's acts, practices, representations, omissions, and courses of conduct with respect to promotion, marketing, distribution, and sale of EA games bundled with SecuROM violates section 1770 of the Consumers Legal Remedies Act in that: (a) EA represents that its goods have sponsorship, approval, characteristics, uses or benefits which they do not have; (b) EA advertises its goods with intent not to sell them as advertised; (c) EA represents that a transaction confers or involves rights, remedies, or obligations which it does not have or involve; and (d) EA represents that its goods have been supplied in accordance with a previous representation when they have not.

39. The business practices engaged in by EA that violate the Consumers Legal Remedies Act include, failing to disclose, at the point of sale or otherwise, that SecuROM: 1) must be installed to use its games; 2) installs on the user's computer system; 3) damages the computer on which it is installed; 4) uses computer resources and cannot be uninstalled; and 5) may cause a host of problems, including,

prevention of proper launching of games, disabling of CD/DVD/Blu-ray disc burners, disruption of antivirus programs and firewalls, computer slowdowns, software conflicts, registry corruption, and complete operating system failure.

40. The fact that SecuROM must be installed to use EA games is material to Plaintiff, Class members, and a reasonable consumer.

41. The installation of software programs without the users consent or knowledge is material to Plaintiff, Class members, and a reasonable consumer.

42. The installation of software programs that harms or may harm the user's computer is material to Plaintiff, Class members, and a reasonable consumer.

43. A reasonable consumer expects that they will be able to decide what programs are and are not installed on their computers.

44. A reasonable consumer expects that software manufacturers will meaningfully disclose all of the software programs that are installed on the consumer's computer.

45. A reasonable consumer expects that purchased software programs will not harm the consumer's computer.

46. A reasonable consumer expects that they will be able to readily uninstall all programs installed on their computer

47. EA failed to disclose and/or concealed these material facts in connection with transactions intended to result or that have resulted in the sale of EA games.

48. Had EA adequately disclosed these material facts, Plaintiffs, Class members, and a reasonable consumer would have considered not purchasing, would not have purchased, and/or would have paid less for their EA games.

49. Pursuant to the provisions of California Civil Code § 1780, Plaintiff seeks an order enjoining EA from the unlawful practices described herein, a declaration that EA's conduct violates the Consumers Legal Remedies Act, and attorneys' fees and costs of litigation.

//
//
//

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

## (Violation of the Unfair Competition Law,

## Cal. Bus. & Prof. Code §§ 17200, *et. seq.*)

50. Plaintiff, on behalf of herself and all others similarly situated, realleges as if full set forth, each and every allegation set forth herein.

51. EA's acts and practices, as alleged in this complaint, constitute unlawful, unfair and/or fraudulent business practices, in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

52. The business practices engaged in by EA that violate the Unfair Competition Law include, failing to disclose, at the point of sale or otherwise, that SecuROM: 1) must be installed to use its games; 2) installs on the user's computer system; 3) damages the computer on which it is installed; 4) cannot be readily uninstalled and uses computer resources; and 5) may cause a host of problems, including, prevention of proper launching of games, disabling of CD/DVD/Blu-ray disc burners, disruption of antivirus programs and firewalls, computer slowdowns, software conflicts, registry corruption, and complete operating system failure.

53. EA engaged in unlawful business practices by violating the Consumers Legal Remedies Act, Civil Code sections 1750 et seq., and common law against trespass to personal property / chattels, as alleged herein.

54. EA engaged in unfair business practices by, among other things:

    a. Engaging in conduct where the utility of that conduct is outweighed by the gravity of the consequences to Plaintiff and other members of the class;

    b. Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and other members of the class; and

    c. Engaging in conduct that undermines or violates the stated policies underlying the CLRA, which seeks to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace, as well as the policies underlying the common law, such as fraudulent concealment, nondisclosure, and trespass to chattels.

55. EA engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive a reasonable consumer.

56. As a direct and proximate result of EA's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff and Class members have suffered injury in fact and lost money or property, in that they purchased games they otherwise would not have, paid more for the games than they otherwise would, and are left with games of diminished value and utility because of SecuROM. Meanwhile, EA has sold more games that it otherwise could have and charged inflated prices for those games, unjustly enriching itself thereby.

57. Plaintiff and Class members are entitled to equitable relief, including restitution of all fees, disgorgement of all profits accruing to EA because of its unlawful, unfair and fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining EA from its unlawful, unfair, fraudulent and deceitful activity.

### THIRD CAUSE OF ACTION

### (Trespass to Personal Property / Chattels)

58. Plaintiff, on behalf of herself and all others similarly situated, realleges as if full set forth, each and every allegation set forth herein.

59. The common law prohibits the intentional intermeddling with personal property, including a computer, in possession of another that results in the deprivation of the use of the personal property or impairment of the condition, quality, or usefulness of the personal property.

60. By engaging in the acts alleged in this complaint without the authorization or consent of Plaintiff and Class members, EA dispossessed Plaintiff and Class members from use and/or access to their computers, or parts of them. Further, these acts impaired the use, value, and quality of Plaintiff' and Class members' computers. EA's acts constituted an intentional interference with the use and enjoyment of the computers that were subject to the programs included on EA's games. By the acts described above, EA has repeatedly and persistently engaged in trespass to personal property in violation of the common law.

61. Plaintiff and Class members are entitled to damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in their favor and against EA as follows:

A. An order certifying the Class, directing that this case proceed as a class action, and appointing Plaintiff and her counsel to represent Plaintiff and the Class;

B. Judgment in favor of Plaintiff and Class members in an amount of actual damages or restitution to be determined at trial;

C. An order enjoining EA from the further sale of games bundled with SecuROM unless accompanied by an adequate disclosure and a reasonable way to uninstall SecuROM;

D. An order granting reasonable attorneys' fees and costs, as well as pre- and post- judgment interest at the maximum legal rate; and

E. Such other and further relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

The Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: October 27, 2008

Respectfully submitted,

**GIRARD GIBBS LLP**

By: _____
Eric H. Gibbs

Dylan Hughes
Geoffrey A. Munroe
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Individual and Representative Plaintiff Dianna Cortez*